UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


LORI ANN MOSELEY,                                              Case No. 3:19-cv-02045-MK

       Plaintiff,                                              OPINION AND ORDER

  v.

CAPT. A. BRUNS; MR. BRUNS; LISA
ARRINGTON; PAULA MEYERS; POLLY
ROWLANDS,

       Defendants.
_____

KASUBHAI, Magistrate Judge:

     Plaintiff, an inmate at Coffee Creek Correctional Facility (CCCF), filed suit pursuant to

42 U.S.C. § 1983 and alleged claims of deliberate indifference and retaliation arising from the

conditions of her confinement. Defendants now move for summary judgment for failure to

exhaust administrative remedies. Defendants' motion is granted, in part.

<u>DISCUSSION</u>

     Plaintiff alleges that defendants violated her First and Eighth Amendment rights by

subjecting her to numerous retaliatory cell transfers and continuous, 24-hour lighting in her cell.

1 -   OPINION AND ORDER

Defendants move for summary judgment on grounds that plaintiff failed to exhaust her available administrative remedies. To prevail on their motion, defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."). The court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

Under the Prison Litigation Reform Act (PLRA), inmates must exhaust all available administrative remedies before filing a federal action to redress prison conditions or incidents. *See* 42 U.S.C § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The exhaustion requirement is mandatory and requires compliance with both procedural and substantive elements of the prison administrative process. *Woodford v. Ngo,* 548 U.S. 81, 85, 90 (2006). Importantly, inmates are required to exhaust all available grievance remedies before filing a § 1983 action, including appealing the grievance decision to the highest level. *Jackson v. Fong*, 870 F.3d 928, 933 (9th Cir. 2017).

Although the exhaustion requirement is mandatory, it is not absolute. If the defendant shows that the inmate did not exhaust an available administrative remedy, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172; *see also Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016) ("[A]n

inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'") (citation omitted). This burden is met when the prisoner shows that he or she took "reasonable and appropriate steps" to pursue administrative remedies, but prison officials nonetheless interfered with the prisoner's attempts to exhaust or failed to follow the correct grievance protocol. *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010).

At all relevant times, ODOC employed a three-step grievance and appeal process. *See former* Or. Admin. R. 291-109-0140. Under that process, the inmate was required to file a grievance within thirty days of the alleged condition or incident. *Id.* 291-109-0150(2).[1] A grievance that was returned to the inmate on procedural grounds could not be appealed. Instead, if the procedural errors could be corrected, the inmate could resubmit the grievance within fourteen days from the date it was returned. *Id.* § 291-109-0160(5). If a grievance was accepted, the inmate could appeal any response to the grievance within fourteen calendar days. *Id.* 291-109-0170(1)(b). If the first appeal was denied, the inmate could file a second appeal within fourteen days of the date the denial was sent to the inmate. *Id.* 291-109-0170(2)(c). A decision following a second appeal was final. *Id.* 291-109-0170(2)(f).

1.  Eighth Amendment Claim

On September 16, 2019, plaintiff filed Grievance No. CCCF.2019.10.001 and complained about the lighting in her cell. Plaintiff indicated an incident date of "24 hr

---

[1] Recent amendments to ODOC's grievance process require inmates to file a grievance within fourteen days of the relevant condition or incident, unless the inmate "can satisfactorily demonstrate why the grievance could not be timely filed." Or. Admin. R. 291-109-0205(1). The rule change apparently became effective on October 18, 2019, before plaintiff submitted one of her grievances at issue in this case. However, defendants rely on the former version of the grievance rules. *See* Arrington Decl. Att. 2 (ECF No. 13). Regardless, this change to the rules does not affect the analysis or outcome in this case.

continuous" and complained that the "safety lights" in her cell were too bright and causing "sleep deprivation." Arrington Decl. Att. 5 at 4. On October 1, 2019, the grievance was returned to plaintiff for corrections, because a grievance "[m]ust include a complete description of the incident, action, or application of rule, including date, approximate time and what action requested to resolve grievance." *Id.* Att. 5 at 3. Plaintiff was informed that she must resubmit her corrected grievance within fourteen days. *Id.*

On October 13, 2019, plaintiff signed her corrected grievance. Plaintiff asserted that from "Aug 22 – 2018 until now 10/13/19" she had "been forced to try to sleep in a cell that is illuminated 24 hours nonstop." *Id.* Att. 5 at 2. On October 17, 2019, the corrected grievance was stamped as received and denied. *Id.* Att. 5 at 1. Plaintiff could not appeal the denial of her corrected grievance.

Defendants argue that plaintiff did not exhaust the grievance process, because the Grievance Coordinator did not receive plaintiff's corrected grievance within fourteen days after it was returned to her. *See former* Or. Admin. R. 291-109-0160(5)("If a grievance is returned to the inmate because it does not comply with these rules, the inmate may elect to resubmit the grievance to the grievance coordinator within 14 calendar days from the date the grievance was sent back to the inmate if the procedural errors can be corrected."). However, plaintiff's corrected grievance was not actually denied for this reason; it was denied because "Grievances must be received by the designated Grievance Coordinator within 30 calendar days of the incident." Arrington Decl. Att. 5 at 1. Plaintiff's grievance should not have been denied on this ground. Plaintiff complained of an ongoing and continuous incident and her initial grievance was submitted within thirty days of the incident as required by the applicable rule.

4 -    OPINION AND ORDER

Defendants nevertheless maintain that the grievance denial "was incorrectly stated as the rule (OAR § 291-109-0160) provides for 14 days to resubmit a grievance returned for corrections, not 30 days." Arrington Decl. ¶ 12. However, the language of the denial – that "Grievances must be received by the designated Grievance Coordinator within 30 calendar days of the incident" – clearly invokes the ODOC rule requiring initial grievances to be submitted within thirty days of the relevant incident. *Id.* Att. 5 at 1; *former* Or. Admin. R. 291-109-0150(2) (providing that "the functional unit grievance coordinator must receive an inmate's grievance within 30 calendar days of the date of the incident giving rise to the grievance"). Thus, plaintiff's corrected grievance was denied on an invalid ground.

Even if defendants could rely on the fourteen-day deadline in support of their motion, questions of fact remain that preclude summary judgment. The grievance denial was dated October 1, 2019, and plaintiff was required to submit her corrected grievance by October 15, 2019. *Id.* Att. 5 at 3. Plaintiff signed her corrected grievance on October 13, 2019, two days before the deadline. *Id.* Att. 5 at 2. However, plaintiff's corrected grievance was not received by the grievance office until October 17, 2019, four days later. *Id.* Defendants do not explain the four-day delay between the date plaintiff signed her corrected grievance and the date it was received.

Viewing the facts in the light most favorable to plaintiff, it appears that she took "reasonable and appropriate steps" to submit her corrected grievance within the time allowed. *Nunez*, 591 F.3d at 1224. It is unclear why it took four days for her grievance to reach the grievance office and whether that delay should be attributed to plaintiff or defendants. Accordingly, I find that genuine issues of material fact preclude summary judgment for the failure to exhaust Grievance No. CCCF.2019.10.001.

    2.  <u>First Amendment Retaliation Claim</u>

On November 1, 2019, plaintiff signed Grievance No. CCCF.2019.11.010 and complained that she had been subjected to retaliatory cell transfers. Arrington Decl. Att. 6 at 3-5. The grievance was accepted and sent for a response. On November 13, 2019, Capt. Bruns responded to the grievance and explained that plaintiff's transfers were "based on the needs of the facility at that time." *Id.* Att. 6 at 1. Plaintiff did not appeal the response to her grievance.

Defendants show that plaintiff failed to exhaust the administrative grievance process with respect to Grievance No. CCCF.2019.11.010. Plaintiff does not argue or provide evidence to show that she took reasonable and appropriate steps to exhaust this grievance and was prevented from doing so. Accordingly, summary judgment is granted on plaintiff's claim of First Amended retaliation.

<u>CONCLUSION</u>

Defendants' Motion for Summary Judgment (ECF No. 12) is GRANTED in part and DENIED in part. The motion is granted with respect to plaintiff's First Amendment claim, and that claim is DISMISSED without prejudice for failure to exhaust administrative remedies. Defendants' Motion is DENIED with respect to plaintiff's Eighth Amendment claim.

DATED this <u>9th</u> day of October 2020.

<u>s/ Mustafa T. Kasubhai</u>
MUSTAFA T. KASUBHAI
United States Magistrate Judge