IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LORI ANN MOSELEY,                                        Civ. No. 3:19-cv-02045-MK

                              Plaintiff,                 **OPINION AND ORDER**

        v.

**CAPT. A. BRUNS; MR. BRUNS; LISA
ARRINGTON; PAULA MEYERS; and
POLLY ROWLANDS,**

                              Defendants.
_____

**KASUBHAI, Magistrate Judge:**

        Plaintiff Lori Ann Moseley ("Plaintiff"), brought this action against Defendants Captain

A. Bruns, Mr. Bruns, Lisa Arrington, Paula Meyers, and Polly Rowlands (collectively,

"Defendants") alleging violations of her Eight Amendment right to be free of cruel and unusual

punishment. Defendants now move for summary judgment on all of Plaintiff's claims. For the

reasons stated, Defendants' motions are denied.

## BACKGROUND

Plaintiff brought this action after being incarcerated in Oregon Department of Corrections (ODOC) from July 18, 2018, until January 12, 2021. While in ODOC custody, Plaintiff alleges that she was subjected to constant illumination without respite, and that the illumination had no specialized function such as discipline, suicide watch, or other security circumstance.

Plaintiff filed grievances and complained about the effects of constant illumination on her mental health. Plaintiff suffers from bipolar disorder and repeatedly spoke to her mental health counselors about how the lighting in her cell affected her. In 2018, the Coffee Creek Correctional Institution where Plaintiff was in custody installed new, brighter lights with a higher lumen rating. These lights were directed at inmates' bunks and made it very difficult for Plaintiff to sleep. Due to a prior sexual assault committed by a staff member at ODOC, Plaintiff was unable to wear a blindfold or eye shades in order to sleep. Plaintiff alleges that the illumination exacerbated her bipolar issues, causing insomnia, mania, depression, emotional lability, and cognitive impairment.

Defendants move for summary judgment on all of Plaintiff's claims, arguing (1) the lighting complained of was not unusually bright; and (2) there was a legitimate penological interest in illuminating Plaintiff's cell for 24 hours a day.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. T. W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a

reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T. W. Elec., 809 F.2d at 630.

## DISCUSSION

To prove an Eighth Amendment violation based on prison conditions, the claimant must satisfy a two-part test. First, they must show that the defendants deprived the claimant of the "minimal civilized measure of life's necessities." Grenning v. Miller-Stout, 739 F.3d 1235, 1238 (9th Cir. 2014). Second, they must establish that defendants acted with deliberate indifference. In the Ninth Circuit, "continuous lighting" can violate the Eighth Amendment. Grenning, 739 F.3d 1235. "Whether the illumination complained of in a particular case is unconstitutional is a fact-intensive question." Olivier v. Scribner, 598 F.App'x. 504, 505 (9th Cir. 2015). The existence of a penological interest is not dispositive of whether the Eighth Amendment was violated. Id. at 1240.

Defendants first argue that the lumens in the lightbulb that illuminated Plaintiff's cell were not out of the ordinary and therefore could not constitute an Eighth Amendment violation based on excessive illumination. Here, Plaintiff alleges that her lightbulb had 830 lumens. Defendants

submitted a declaration that the lightbulb that illuminated Plaintiff's cell was a 6 watt, 635 lumens LED. Defendants argue that, because the number of lumens cannot be determined by the naked eye, Plaintiff's estimate of the lumens in her cell must be rejected. Under the summary judgment standard, however, the Court makes all inferences in Plaintiff's favor; Defendants have not eliminated the issue of fact as to the brightness in Plaintiff's cell. T. W. Elec., 809 F.2d at 630.

Defendants also argue that Plaintiff's claims should be dismissed because she presents no evidence of Defendants' intent to keep her awake using excessive lighting. To support this contention, Defendants cite Zatko v. Rowland, 835 F.Supp. 1174, 1181 (N.D. Cal. 1993), an unpublished case from California where the court rejected an excessive illumination claim because officers testified that they did not use light to try and keep the prisoner awake. The Court, however, declines to follow Zatko because the question of Defendants' intent in lighting Plaintiff's cell constantly despite her grievance and complaints is a factual issue for the jury. Olivier v. Scribner, 598 F.App'x. 504, 505 (9th Cir. 2015).

Defendants next argue that Plaintiff's claims are defeated because they had a legitimate penological interest in illuminating Plaintiff's cell. As the Fourth Circuit has observed, the precise role of penological justification in an Eighth Amendment conditions of confinement case has not been settled. Porter v. Clarke, 923 F.3d 348 (4th Cir. 2019). In the Ninth Circuit, however, "[t]he existence of a legitimate penological justification has … been used in considering whether adverse treatment is sufficiently gratuitous to constitute punishment for Eighth Amendment purposes." Grenning v. Miller-Stout, 739 F.3d 1235, 1240 (9th Cir. 2014).

Here, while Defendants' penological justifications for the constant illumination of Plaintiff's cell are certainly relevant to the factual determination in an Eighth Amendment claim, they are not dispositive. Rhodes v. Chapman, 452 U.S. 337, 346 (1981). Defendants claim that

constant illumination of inmates' cells served a legitimate penological interest because it "enables the prevention, deterrence and response to any number of things that can happen inside a cell, such as self-harm, medical emergencies, mental health emergencies, violence between cellmates, and ingesting harmful substances." It is unclear, however, why continuous and not periodic illumination would be required to prevent, deter, and respond to these types of incidents. While the Ninth Circuit has found 24-hour illumination to be justified by legitimate penological interests in special housing circumstances such as disciplinary segregation of suicide watch, Chappell v. Mandeville, 706 F.3d 1052, 1055 (9th Cir. 2013), there is no suggestion in this case that it was necessary to place Plaintiff in a constantly illuminated cell to preserve her safety or the safety of her fellow inmates. Defendants' assertion that constant illumination is required "to keep everyone safe" thus does not end the Eighth Amendment analysis. See Rhodes, 452 U.S. at 346.

Defendants argue, finally, that Plaintiff cannot prevail on her claims because there is no factual issue as to the deliberate indifference prong of her Eighth Amendment claim. Grenning, 739 F.3d 1235. A showing of deliberate indifference requires evidence that the defendant knew of an excessive risk to inmate health or safety that the defendant deliberately ignored. Id. Whether an official possessed such knowledge "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." Id. Knowledge of a risk of harm can be inferred where that risk is "obvious," but prison officials are not liable if they respond reasonably to the risk. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).

Defendants claim that there is no evidence of deliberate indifference because no named Defendant was aware of an excessive risk to Plaintiff's health or safety. They acknowledge, however, that Plaintiff grieved excessive illumination in September 2019, and her grievance was denied by Defendant Arrington as untimely. Plaintiff has also alleged that her cell conditions

exacerbated her bipolar symptoms, causing, for example, excessive crying that led to the loss of her job. On this record, Plaintiff has presented circumstantial evidence that would permit the inference that Defendants, who worked together and had ample opportunity to learn of Plaintiff's pre-existing mental health condition and her attempt to grieve her cell conditions, and to observe Plaintiff's symptoms and behavior, were aware of the excessive risk to Plaintiff's health and safety posed by the level of illumination in her cell. Grenning, 739 F.3d 1235. Defendants' suggestion that Plaintiff would have grieved the problem earlier "if the lighting was truly unbearable" manifestly fails to acknowledge the alleged severity of Plaintiff's mental suffering and incapacitation caused by the conditions of her confinement. Defendant's motion for summary judgment is denied.

## **CONCLUSION**

For the reasons stated above, Defendants' motion for summary judgment (ECF No. 36) is DENIED.

IT IS SO ORDERED.

DATED this 13th day of August 2021.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge